IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                              ORDER

              Petitioner,

                         08-cv-647-bbc

     v.

MICHAEL J. LECHLEITNER, RANDELL
HOENISCH, GARY A. SCHNECK,
DETECTIVE MILHAUSEN and GRAUDEN,
CHAD BILLEB, TROY PAULS, JENNY
HOLZ, CAPTAIN SLEETER and
VERCIMACK, OFFICER GOFF, DEPUTY
SCHEFFLER and ANDY BUSS, MICHAEL
WILLIAMS, UNKNOWN REGION SIX
AGENT(S), CHRISTOPHER L. WITHERS
and his AGENT and his AGENT'S
SUPERVISOR, COUNTY OF MARATHON,
LANCE LEONHARD, ROBERT DICKMAN
and JOHN WALLACE,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Petitioner Thomas Shelley, who is presently confined at the Dodge Correctional Institution in Waupun, Wisconsin, asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. That request will be denied, because petitioner does not qualify for in forma

1

pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a prisoner files a multi-claim or multi-defendant suit, the prisoner will incur a strike when any claim against any of the respondents in the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). On at least three prior occasions, this court has dismissed at the screening stage at least one claim raised in petitioner's previous complaints for one of the reasons listed in § 1915(g). See Shelley v. Bartels, 06-C-479-S, decided September 19, 2006; Shelley v. Bailey, 07-C-231-S, decided May 11, 2007; and Shelley v. Hoenisch, 08-cv-107-bbc, decided March 10, 2008.

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that law enforcement and district attorney's office personnel violated his constitutional rights in numerous ways in conjunction with his January 11, 2008 arrest, including false arrest and imprisonment, failure to inform him of his Miranda rights, failure

2

to stop interrogating him after he requested an attorney and malicious prosecution.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). I can conceive of no factual scenario under which petitioner would be subjected to physical injury by the acts he alleges. Accordingly, petitioner's complaint does not require application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. He has already paid the $1.40 initial partial payment the court assessed him, so he currently owes $348.60 of the $350 filing fee.[1] If he chooses to pursue this case as a paying litigant, he must submit a check or money order

---

[1] In previous orders, this court mistakenly asked petitioner for a trust fund account statement and assessed him an initial partial payment because the fact that he had already received his third strike in Shelley v. Hoenisch, 08-cv-107-bbc was overlooked. This was perhaps because the court's March 10, 2008 order in Shelley v. Hoenisch did not explicitly state that petitioner was issued a strike. However, review of that order shows that a strike was indeed warranted because petitioner's claims against several respondents were dismissed for failure to state a claim. It is the substance of the dismissal and not the label applied to it that determines whether it is counted as a strike under 28 U.S.C. § 1915(g); it is not necessary for a court to explicitly label a dismissal for failure to state a claim as a strike in order for that strike to be counted against a petitioner.

3

made payable to the clerk of court in the amount of $348.60 and he must do so no later than January 6, 2009.  If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the remainder of his filing fee by January 6, 2009, I will conclude that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.  Even if the file is closed, petitioner will still owe the remainder of the filing fee and he must pay it as soon as he has the means to do so.  Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).  From petitioner's trust fund account statement, it appears that he does not have the means presently to pay the fee from his prison account. Therefore, unless he is successful in obtaining the money from some other source, I will be required to advise the warden of the Dodge Correctional Institution of petitioner's obligation to pay the fee so that if and when funds do exist in petitioner's account, the fee can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

4

ORDER

IT IS ORDERED that:

(1) petitioner's request for leave to proceed in forma pauperis (Dkt. #3) is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

(2) petitioner may have until January 6, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $348.60.  If, by January 6, 2009, petitioner fails to pay the fee, the clerk of court is directed to close this file.  However, even in that event, the clerk of court is to insure that the warden of the Dodge Correctional Institution is made aware of petitioner's obligation to pay the remainder of the filing fee and that obligation is reflected in this court's financial records.

Entered this 16th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5