IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. SHELLEY,

                                              ORDER

                Plaintiff,

                                              08-cv-647-bbc

     v.

MICHAEL J. LECHLEITNER, GARY A. SCHNECK,
CHAD BILLEB, TROY PAULS, JENNY HOLZ
and JOHN DOES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered March 30, 2011, I directed plaintiff Thomas Shelley to submit either signed waivers of service of summons forms or notify the court of the steps he has taken to serve defendants copies of his amended complaint and supplement, dkt. ##20, 22, the December 7, 2010 screening order, dkt. #21, and the January 31, 2010 screening order, dkt. #24.  In response to the order, plaintiff has written to say stating that on February 28, 2011 he forwarded "(all) defendants with complaint, summons, notice, and waiver in a single 9x12 manila envelope" to Marathon County Jail Administrator Robert Dickman for delivery.

       Because plaintiff avers that he has not received signed waiver forms from any of the defendants and more than 30 days have passed from the date plaintiff mailed the requests

1

for waivers, I will direct the clerk to issue summons forms for each of the defendants. Plaintiff is reminded that because he is a party to this lawsuit, he cannot deliver the summonses and copies of the complaint to the defendants personally. Instead, he must find a person who is at least 18 years old, not a party to this lawsuit and willing to attempt service on these defendants Fed. R. Civ. P. 4(c)(2). Plaintiff may arrange for service by a sheriff or by a private process server if he cannot find anyone who will do without a fee. To obtain service by a sheriff, plaintiff may write to the deputy sheriffs of the counties in which plaintiff believes the defendants are located and request service of the defendants. He must insure that he includes with each service packet the issued summons for the appropriate defendant and a copy of the complaint, amended complaint and copies of this court's December 7, 2010 and January 31, 2010 screening orders.

Plaintiff should act quickly. Under Fed. R. Civ. P. 4(m), the last date for serving the complaint is May 31, 2011 (one hundred and twenty days from January 31, 2011, the date plaintiff was granted leave to proceed against the defendants). If by May 31, 2011, plaintiff is unable to serve the defendants, his case will be dismissed without prejudice to his filing it at a later time.

ORDER

IT IS ORDERED that the clerk of court is directed to issue summons forms and return them to plaintiff for service on the defendants. Plaintiff may have until May 31, 2011, in which to file proof of service on defendants by returning a copy of the summons form showing the name of the person who completed service, the place where service occurred and the manner of service. If plaintiff does not file the proof of service or explain why he could not serve the defendants by May 31, 2011, the clerk of court is to enter judgment dismissing this action without prejudice for plaintiff's failure to prosecute.

Entered this 15th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge